SCANNED at
and Emailed

8-9-22 by LL . 33 pages
date       Initials   No.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. __3:22 cv 1014 (SALM)__

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

Kimar Fraser

_____

_____

_____

_____

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.  If you do not know a name, write "John Doe" or "Jane Doe."  Include the defendant's rank or title if you know it. Do not use **et al.**]

Lieutenant Franco

Correctional Officer Casey

Correctional Officer Sacerdote

Lieutenant Huckins

Lieutenant Therian

Lieutenant Girimaldi

Complete every section and **SIGN THE LAST PAGE.**

_Revised 12/13/18_

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim.  There are two possibilities.  Check one.

I can bring my complaint in federal court because I am suing:

1. _____X_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages.  Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: Kimar Fraser

   b. Inmate Number: 379979

   c. Correctional facility: Cheshire C.I. 900 Highland Ave. Cheshire CT. 06410

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six defendants, attach additional pages.  Provide items a, b, and c for each defendant.

1. First Defendant
   a. Full Name: Lieutenant Franco

   b. Rank or Title: Lieutenant

   c. Workplace: Osborn C.I. 335 Bilton RD. Somers, CT. 06071

2. Second Defendant
   a. Full Name: *c/o Casey*
   b. Rank or Title: *Correctional Officer*
   c. Workplace: *Osborn C.I. 335 Bilton RD. Somers, CT. 06071*

3. Third Defendant
   a. Full Name: *c/o Sacerdote*
   b. Rank or Title: *Correctional Officer*
   c. Workplace: *Osborn C.I. 335 Bilton RD. Somers, CT. 06071*

4. Fourth Defendant
   a. Full Name: *LT. Huckins*
   b. Rank or Title: *Lieutenant*
   c. Workplace: *Osborn C.I. 335 Bilton RD. Somers, CT. 06071*

5. Fifth Defendant
   a. Full Name: *LT. Therian*
   b. Rank or Title: *Lieutenant*
   c. Workplace: *Osborn C.I. 335 Bilton RD. Somers, CT. 06071*

6. Sixth Defendant
   a. Full Name: *c/o John Doe*
   b. Rank or Title: *Correctional officer*
   c. Workplace: *Osborn C.I. 335 Bilton RD. Somers, CT. 06071*

## D. REASON FOR COMPLAINT

**WARNING:  Contact Inmate Legal Aid Program.  Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.**  If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis.  To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

*Revised 12/13/18*

Continued.

7. Seventh Defendant
a. Full Name: Lieutenant John Doe
b. Rank or Title: Lieutenant
c. Workplace: Osborn C.I. 335 Bilton RD. Somers, CT. 06071

8. Eighth Defendant
a. Full Name: Lieutenant Grimaldi
b. Rank or Title: Lieutenant
c. Workplace: Connecticut Department of Correction
   24 Wolcott Hill RD. Wethersfield, CT. 06109

9. Nineth Defendant
a. Full Name: Nick Rodriguez
b. Rank or Title: District Administrator
c. Workplace: 24 Wolcott Hill RD. Wethersfield, CT. 06109

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1. (See; Attachment A, B, C, D, E, F, G, H, I, J, K)

2. (See; Attached Exhibit 1, Exhibit 2, Exhibit 3)

3.

4.

*Revised 12/13/18*

5

## STATEMENT OF CASE

Between December 22, 2020 and Febuary 19, 2021 the Plaintiff was subjected to civil rights violations including but not limited to, failure to protect, cruel and unusual punishment, Due process violations, and excessive use of force by means of Defendant (s) herein dereliction of duties, gross negligence, and willful wanton. Plaintiff brings this action to vindicate his civil rights and recover compensation for his injuries.

1. On December 22, 2020 plaintiff was subjected to cruel and unusual punishment by means of Defendant #1 Lieutenant Franco, Defendant #2 correctional officer Casey, Defendant #3 Correctional officer Sacerdote willful wanton and excessive use of force.

2. On December 22, 2020 plaintiff was subjected to due process violations by means of defendant #1 Lieutenant Franco failure to notify mental health and have a mental health professional intervene after plaintiff's verbal reporting of suicidal ideations, thus rendering Lieutenant Franco in direct violation of Department of Correction A.D. policy

✝ - A-

<u>cont.</u>    for planed use of force.

3. Between December 22, 2020 and December 29, 2020
plaintiff was subjected to civil rights violation
by means of defendant #1 Lieutenant Franco's
retaliation to deny plaintiff access to legal
materials, Law books, Legal mail containing
Court address, while also denying plaintiff
recreation privileges and violating department of
Corrections administrative directive (A.D.) 9.4
restrictive statuses.

4. Between December 22, 2020 and December 23, 2020
the plaintiff was the victim of multiple acts of
libel by way of defendant #1 Lieutenant Franco, defen-
dant #2 correctional officer Casey, defendant #3
Correctional officer Sacerdote issuance of
disciplinary reports that was reviewed
and authorized by defendant #4 Lieutenant Huckins
and defendant #5 Lieutenant Therian.

5. On December 22, 2020 the plaintiff was housed
at the OSBORN CORRECTIONAL INSTITUTION
335 Bilton Road Somers, CT. 06071 and
was physically assaulted with chemical agent,
closed fists, and feets by defendant #1 Lieut-
enant Franco, defendant #2 Correctional officer

- B -

cont.

Casey, and defendant #3 Correctional officer Sacerdote willful wanton.

6. Before being assaulted by Defendants #1, 2, and 3, the plaintiff verbally expressed suicidal ideations to defendant #1 Lieutenant Franco.

7. Defendant #1 Lieutenant Franco did not contact a mental health proffessional to intervene in the crisis but instead deployed Chemical agent on the plaintiffs head, face, and upper torso area.

8. After the plaintiff was brutally assaulted by defendants #1, 2, and 3, on December 22, 2020, he was placed in a "Restrictive Housing Unit" under the management and orcastration of defendant #1 Lieutenant Franco with multiple pending disciplinary reports.

9. After the plaintiff was assaulted, defendant #1 Lieutenant Franco did not excuse himself from the remainder of the incident, thus placing himself in a compromising conflicting environment and direct violation of administrative directive 6.5 use of force.

- C -

Cont.

10. On December 29, 2020 the plaintiff was transferred from the OSBORN C.I. to NORTHERN C.I. 287 Bilton Road Somers, CT. 06071.

11. During the transfer the plaintiff was assaulted and subjected to an excessive amount of force following a peaceful passive protest.

12. During the transfer from O.C.I. to N.C.I. on December 29, 2020 Defendant #6 stork the plaintiff in the face and head area multiple times despite being told multiple times by defendant #7 to "stop punching him".

13. Defendant #6 I will refer to as "Correctional Officer John Doe" as I do not know his name at this time. Defendant #7 I will refer to as "Lieutenant John Doe" as I am unaware of his name at this time.

14. Defendant #7 Lieutenant John Doe held the rank of Lieutenant and orcastrated the planed use of force and transfer on December 29, 2020 and gave specific instructions to his subordinates on said day and time.

- D -

Cont.

15. Defendant #6 Correctional officer John Doe held the rank of Correctional officer and was involved in the transfer on December 29, 2020 and carried out the direct orders of Defendant #7 Lieutenant John Doe to physically involve himself into the planed use of force.

16. Defendant #6 Correctional officer John Doe disregarded his Supperior's Command to "Stop punching Him" and continued to land closed fist Strikes (Punches) to the plaintiff's face and head area, Showing no concern for the plaintiff's health and well being.

17. On Febuary 3, 2021 the plaintiff was housed at Northern C.I. (N.C.I.) and was subjected to due process rights violation by means of defendant #8 Lieutenant Grimaldi finding the plaintiff guilty of the 3 disciplinary reports issued by defendant #1, 2, and 3.

18. On Febuary 3, 2021 defendant #8 Lieutenant Grimaldi held the rank of a Lieutenant within the department of Correction where he's employed and conducted a disciplinary hearing involving the plaintiff on the aforementioned day.

- E -

Cont.

19. During the disciplinary hearing on Febuary 3, 2021, defendant #8 Lieutenant Grimaldi admitted having "prior independant knowledge" of the allegation of misconduct on December 22, 2020 in which the plaintiff was being charged for.

20. During the disciplinary hearing the plaintiff told defendant #8 Lieutenant Grimaldi - There are no advisor reports for the offense I'm being charged with, thus warranting a process failure in accordance with administrative directive 9.5 code of penal discipline".

21. The plaintiff was never presented with all the evidence that was being used against him, such as photographs and supplemental reports, thus not complying with the provisions of administrative directive 9.8 Sec. 31. E.

22. During the hearing on Febuary 3, 2021, the plaintiff told defendant #8 Lieutenant Grimaldi that there is a likelyhood of fraudery and staff misconduct because the disciplinary reports were allegedly written by the involved employee's (defendant #2 and 3) in accordance with administrative directive 6.5 reporting of incidents while they (defendants #2 and 3) were

- F -

cont.

supposedly at the hospital being treated
for injuries ~~████████~~ allegedly sustained on
December 22, 2020.

23. During the hearing, the plaintiff told defendant #8
Lieutenant Grimaldi that the video evidence being
used against him did not support the allegation
of misconduct.

24. During the hearing the plaintiff told defendant #8
Lieutenant Grimaldi that the department of
Correction protocol and policies were not
followed by not having a mental health
professional intervene for the allegation of
misconduct on December 22, 2020.

25. During the hearing on Febuary 3, 2021 the
plaintiff told defendant #8 Lieutenant Grimaldi
his concerns of having an "un-fair" and
"unlawful" hearing because there were
too many errors and process failures
within the entire case.

26. After being found guilty by defendant #8 Lieutenant
Grimaldi for the allegation of misconduct on
december 22, 2020, the plaintiff subsequently
filed an inmate administrative remedy form,

- G -

cont;

appealing defendant #8 Lieutenant Grimaldi guilty verdict on Febuary 3, 2021.

27. On Febuary 19, 2021 a decision was recorded by defendant #9 District Administrator Nick Rodriguez upholding defendant #8 Lieutenant Grimaldi's guilty verdict, despite the plaintiff elaborating to defendant #9 District Administrator Nick Rodriguez of why each disciplinary report issued to the plaintiff should have been overturned.

28. Injuries sustained due to defendant #1, defendant #2, defendant #3, defendant #6 % John Doe, and defendant #7 Lieutenant John Doe were severe migranes, concushions, bruises due to being punched, kicked, and sprayed with chemical agent in the head, face, upper and lower torso area, lacerations, as well as past tramatic stress disorder (P.T.S.D.) that the plaintiff still soffers from and is being treated for to date.

29. Due to defendant #1, defendant #2, defendant #3, defendant #4, and defendant #5 involvement of the plaintiff recieving several disciplinary reports on December 22, 2020, the plaintiff was ultimately chaged criminally and recieved excessive penalty sanctions.

- H -

Cont.

30. Despite there being a liberty interest with the plaintiff receiving multiple disciplinary reports for false allegation of assaulting a D.O.C. employee on December 22, 2020, the plaintiff was denied his due process rights thus violating his 14th amendment by way of defendant #8 Lieutenant Grimaldi finding him guilty of libel disciplinary reports on Febuary 3, 2021 and defendant #9 District Administrator Nick Rodriquez upholding said guilty verdict on Febuary 19, 2021. Because of defendants #8 and 9 failure to consider the plaintiffs liberty interest and due process, they are being Sued in their individual and official Capasities.

31. Because of defendant #1 Lieutenant Franco due process violation when he failed to have a Mental health professional intevene with the crisis prior to executing his planed use of force on December 22, 2020, he is being Sued in his individual and official capacity.

32. Because of defendant #1, 2, 3, 6, and 7 willful wanton, excessive use of force, and gross negligence they are being Sued in there individual and official capacities.

- I -

cont.

33. Because of defendant #4 and 5 involvement with the plaintiff receiving multiple false disciplinary reports and authorizing it to move forward violated the plaintiff's due process rights therefor defendant #4 and 5 are being sued in their individual and official capasities.

34. The plaintiff's right to medical care is guaranteed by the 8th amendment and those rights were violated on December 22, 2020 by defendant #1 when he failed to have a mental health professional intervene before using force on the plaintiff.

35. Cruel and unusual punishment, brutalitys, excessive force by defendant #1, 2, 3, 6, and 7 violated the plaintiffs civil rights on December 22, 2020 and December 29, 2020

36. Defendants #1, 2, 3, 6, and 7 were aware of the plaintiff's risk of harm but did nothing to protect the plaintiff from harm. Defendants Lieutenant Franco, C/o Casey, C/o Sacerdote, Lieutenant John Doe, and C/o John Doe conduct was extreme and outrageous and will shock the conscious of society. Authority figures who are paid by tax payer dollars ruthlessly beating up a prisoner who is already in

- J -

cont.

a vulnerable and confined situation and can not defend himself is outrageous in character, extreme, beyond all possible bounds of decency, atrocious, and utterly intolerable in a civilized society. Defendants #1, 2, 3, 6, and 7 did not just disregard the safety of the plaintiff, they intentionally harmed the plaintiff, wanting to kill him, and then failed to ensure that he recovered from his injuries.

37. All defendants herein were acting in their individual capacities as a Correctional officer, Lieutenant, and District administrator of the Connecticut Department of Correction and are being sued in their individual and official capasities for violating the plaintiff's civil rights to be free from cruel and unusual punishment, excessive use of force, and due process violations.

38. The defendants herein are therefor liable to the plaintiff for the unlawful injuries he suffered as a result.

39. The plaintiff has exhausted all administrative remedies prior to bringing the instant suit.

-k-

| **CONFIDENTIAL** | Inmate name: Kimar Fraser |
|---|---|
| (FOR OFFICIAL USE ONLY) | Inmate number: 379979  Housing: 1 west cell #207 |

**SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION**

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

I am appealing the following Disciplinary action (NCI-2101007) for the following reasons; It is a process failure and fails to adhere to A-D 9-5 Sec. 31 A and 31 C "Hearing Time frames" and "Continuance" Because the 10 Business Days were exceeded befor a continuance was recorded And I was never notified of the continuance dates untill the date of the hearing There was never a report number assigned or logged for the CN9503 Disciplinary report, However, The report number that was logged at a later date for the CN9505 disciplinary investigation report and the CN9504 disciplinary process summary report as well as the CN9511 Imate witness statement form all has errors within the report numbers and fails to comply with Administrative Directive's 6.6 Sec.6 and 9-5 Sec. 40 "Logbooks and Disciplinary report Numbering system" in it's entireity. The fact that the report number was never assigned and logged initially also violate Section 22 of A.D 9-5 "Disciplinary Investigator". I was never informed of the available advocates in accordance with A.D-9.5 sec. 24 "Pre-hearing Investigation" or informed of the minimum of 3 available staff members in accordance with A-D-9.5 Sec-25 "Advocate". * SEE ATTACHED FOR MORE *

Inmate signature: _[signature]_        Date: 02-03-2021

- For all remedies except health services, deposit this form in the **Administrative Remedies box.**
- For a health services issue, deposit this form in the **Health Services box.**

**SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW**

| Date Received: 2/10/21 | IGP #: | T#: |
|---|---|---|

| Disposition: DENIED | Date of Disposition: 2/19/21 |
|---|---|

Reason:

SEE    ATTACHED   DISPOSITION   LETTER

| [X] You have exhausted DOC's Administrative Remedies. | [ ] This matter may be appealed to: |
|---|---|
| Signature: _[signature]_ | Date: 2/19/21 |

...advocate that I selected at the recieving facility (NCI), was sat in on my hearing (C/O Ortize) was... selected counselor BLUE as an advisor but was not assisted by her, although She was available at the time of my hearing. There was physical evidence used against me (Pictures) that were never made available to myself or my advisor in accordance with A.D. 9.5 Sec. 31. E. "Evidence." I also requested my witness to be present in order to testify, and be asked follow-up questions by myself and the hearing officer but that request was denied. The hearing officer LT. Grimaldi stated that he had dependant knowledge of the incident, thus varifying a conflict of intrest. I was housed in Osborn's Restrictive housing unit for 7 calender days under the management of LT. FRANCO with a concurent staff profile is causing a conflict of intrest, confidentiality, and negligence issues. Y hearing was unfairly sped through because my statements and any available advisor reports were only read once. Protocal was not followed in accordance with D.O.C. policies and A.D. 8.5 and 9.8.14 after reporting suicidal and teomicidal ideations to FRANCO on camera befor the allegation took place. To many sanctions were imposed thus contradicting the provisions of A.D. 9.5 10. A. (i) "Limits." There are multiple other discrepencies and Errors in the investigation and the hearing process that I am unable to list in order to comply with section 2 of this remedy form, but I have good faith that the appeal process will identify the errors and discrepencies and so, either move for an reversal of process failure.

Exhibit 1 (A)




# STATE OFCONNECTICUT
## DEPARTMENT OF CORRECTION
### District 1 Administrator's Office
#### 1153 East Street South
#### Suffield, Connecticut 06080

**Nick Rodriguez**
**District Administrator**

February 19, 2021

*Kimar Fraser #379979*
*Northern C.I.*
*287 Bilton Road*
*Somers, CT 06071*

*Mr. Fraser:*

*An extensive review was conducted on your request for a Disciplinary Hearing Appeal for report NCI-2101007, dated December 22, 2020 on the Class (A) offense "Assault on a DOC Employee."*

*The Hearing Officer's finding was reasonable based on information and evidence presented at a formal hearing. Documentation submitted to the presiding Hearing Officer substantiates that on December 22nd, 2020 you delivered a closed fist strike to the face of Lieutenant Franco while he attempted to secure you. This is a direct violation of A.D. 9.5 Intentionally striking or attacking a Department of Correction employee with or without the use of an object or substance or acting in such a reckless manner that one's actions cause an assault of a Department of Correction employee. I have reviewed your claims of procedural errors throughout the hearing process and find that it was conducted appropriately.*

*My conclusion is that no serious due-process failure occurred in the disposition of your disciplinary report. I find no reason to modify the Hearing Officer's decision.*

*Sincerely,*

*Nick Rodriguez*
*District Administrator*

*C:    Warden Bowles*
*Administrative Remedies Coordinator*
*Disciplinary Investigator*

Exhibit 1 (B)

| **CONFIDENTIAL**<br>(FOR OFFICIAL USE ONLY) | Inmate name: Kimar Fraser |
| | Inmate number: 379979 | Housing: 1 west cell #207 |

## SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

I am appealing the following Disciplinary action (NCI-2101009) for the following reasons; It is a process failure and fails to adhere to A.D. 9.5 Sec. 31 A and 31 C "Hearing" "Timeframes" and "Continuance" because the 10 Business days were exceeded befor a Continuance was recorded And I was never notified of the continuance dates until the date of my hearing. There was never a report number assigned or logged for the CN9503 Disciplinary Report, However, the report number that was assigned and logged at a later date for the CN9505, CN9504, CN9611 all has errors within the report numbers and fails to comply with Administrative Directive's 6.6 Sec. 6 and the provisions of A.D. 9-5 sec. 40 "Logbooks and Disciplinary reports numbering System" in it's entirety. The fact that the report number was never assigned and logged initially also violate Section 22 of A.D. 9-5 "Disciplinary Investigators". I was never informed of the available advocates in accordance with the provisions of A.D. 9.5 Sec. 24 and A.D. 9.5 Sec. 25. **✳ SEE ATTACHED FOR MORE ✳**

| Inmate signature: [signature] | Date: 02-03-2021 |

- For all remedies except health services, deposit this form in the **Administrative Remedies box.**
- For a health services issue, deposit this form in the **Health Services box.**

## SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

| Date Received: 2/10/21 | IGP #: | T#: |

| Disposition: DENIED | Date of Disposition: 2/19/21 |

Reason:

SEE ATTACHED DISPOSITION LETTER

| ☒ You have exhausted DOC's Administrative Remedies. | ☐ This matter may be appealed to: |
| Signature: [signature] | Date: 2/19/21 |

Exhibit 2

... (Advisor) that sat in on my hearing (C/o Ortiz) was not the advisor that I selected at the recieving facility (NC. I selected Counselor BLUE as an advisor but was not assisted by her although she was available at the time of my hearing. More C/o attended my hearing than was necessary in an attempt to intimidate me and cause conflicting issues. There was physical Evidence used against me (Pictures) that were never made available to me or my advisor in accordance with A.D. 9-5 Sec-31. E. "Evidence". I also requested my witness to be present in order to testify and be asked follow-up questions by myself and the hearing officer but that was denied. The hearing officer LT. Grimaldi stated that he had independant knowledge of the incident, thus varifying a Conflict of intrest. I was housed in Osborn's Restrictive housing unit for Calender days under the management of LT. FRANKO thus causing conflict, confidentiality, and Neglegence issues. My hearing was unfairly sped through because my statements and any available Advisor reports R.'s at hand were only read once although I had several pending and some Disciplinary Reports related to the allegations were ultimately dismissed (NCI-210100(0) (NCI-210(0(0). Protocol was not followed in accordance with A.D. 8-5 and --O-C- policies after reporting suicidal and homicidal ideations is LT. FRANKO on camera before the allegations took place. To my sanctions were imposed thus contradicting the provisions of A.D. 5 Section 10. A. (i) "Limits". There are multiple other discrepencies d errors within the investigation and the hearing process that am unable to include in order to comply with Section 2 of this remedy form However, I have good faith that the peal process will identify those errors and discrepencies and so, her move for an reversal or process failure.

Exhibit 2 (A)




# *STATE OF CONNECTICUT*
## *DEPARTMENT OF CORRECTION*
### *District 1 Administrator's Office*
#### *1153 East Street South*
#### *Suffield, Connecticut 06080*

**Nick Rodriguez**
**District Administrator**

February 19, 2021

*Kimar Fraser #379979*
*Northern C.I.*
*287 Bilton Road*
*Somers, CT 06071*

*Mr. Fraser:*

*An extensive review was conducted on your request for a Disciplinary Hearing Appeal for report NCI-2101009, dated December 22, 2020 on the Class (A) offense "Assault on a DOC Employee."*

*The Hearing Officer's finding was reasonable based on information and evidence presented at a formal hearing.  Documentation submitted to the presiding Hearing Officer substantiates that on December 22nd, 2020 you delivered multiple closed fist strikes to the face of Officer Sacerdote while he attempted to secure you.  This is a direct violation of A.D. 9.5 Intentionally striking or attacking a Department of Correction employee with or without the use of an object or substance or acting in such a reckless manner that one's actions cause an assault of a Department of Correction employee.  I have reviewed your claims of procedural errors throughout the hearing process and find that it was conducted appropriately.*

*My conclusion is that no serious due-process failure occurred in the disposition of your disciplinary report. I find no reason to modify the Hearing Officer's decision.*

*Sincerely,*

*Nick Rodriguez*
*District Administrator*

C:     *Warden Bowles*
       *Administrative Remedies Coordinator*
       *Disciplinary Investigator*

Exhibit 2 (B)

| **CONFIDENTIAL**<br>(FOR OFFICIAL USE ONLY) | Inmate name: Kimar Fraser | |
|---|---|---|
| | Inmate number: 379979 | Housing: 1 west cell #207 |

## SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

I am appealing the following Disciplinary action (NCI-2101008) for the following resons; It is a process failure and fails to adhere to A.D. 9.5 Sec. 31 A and C "Hearing" "Timeframes" "Continuance" because the 10 business days were exceeded befor ~~xxxxxxx~~ a continuance was recorded and I was never notified of the continuance dates util the date of my hearing. There was never a report number logged for the CN9503 Disciplinary report, However, the report number that was logged at a later time for the CN9505 disciplinary investigation report and the CN9504 disciplinary process summary report aswell as the CN9511 Inmate witness Statement form ~~xxxxxxx~~ All has errors with in the report numbers and fails to comply with Administrative Directive 9.5 Sec. 40 "Logbooks and Disciplinary report Numbering System" in it's entirity. The fact that the report number was not assigned and logged initilly also violates Section 22 of A.D. 9.5 "Disciplinary Investigator" I was never informed of the available Advocates in accordance with A.D. 9.5 Sec. 24 "pre-hearing Investigation" or informed of the minimum of 3 available staff members in accordance with A.D. 9.5 Sec 25 "Advocate" ✳ SEE ATTACHED ✳ FOR MORE

| Inmate signature: | Date: 02-03-2021 |
|---|---|

- For all remedies except health services, deposit this form in the **Administrative Remedies** box.
- For a health services issue, deposit this form in the **Health Services** box.

## SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

| Date Received: 2/10/21 | IGP #: | T#: |
|---|---|---|
| Disposition: DENIED | | Date of Disposition: 2/19/21 |

Reason:

SEE   ATTACHED   DISPOSITION   LETTER

| [X] You have exhausted DOC's Administrative Remedies. | ☐ This matter may be appealed to: |
|---|---|
| Signature: | Date: 2/19/21 |

Exhibit 3

Also, the advocate (Advisor) that sat in on my hearing (c/o Ortize) was not the advocate that I selected at the receiving facility (NCI). I selected consolor BLUE as an advisor but was not assisted by her although she was available at the time of my hearing. There was physical evidence (pictures) used against me that were never made available to me or my advisor in accordance with A.D. 9.5 sec. 31 E. "Evidence". I also requested my witness to be present in order to testify and be asked follow-up questions by myself and the hearing officer but that was denied. The hearing officer -T. Grimaldi stated that he had independant knowledge of the incident, thus varifying a conflict of intrest. I was housed in storn's restrictive housing unit for 7 calender days under the management of -T. FRANCO with a concurrent staff profile thus causing a conflict, confidentiality, and neglegence issues. My hearing was unfairly sped roug because my statements and any available advisor reports were only read once. Protocol was not followed in accordance with -O-C- policies and A.D. 8-5 and AD-8-14 after reporting suicidal to homicidal ideations to LT. FRANCO on camera befor the allegations took place. To many sanctions were imposed thus contradicting the provisions of A.D. 9-5 sec. 10. A (1) "Limits". There are multiple other discrepencies & errors within the investigation and the hearing process that I am unable to include in order to comply with section 2 of this remedy form, However, I have good faith that the appeal process will identify those errors and discrepencies and so, either ve for reversal of the finding or process failure.

Exhibit 3 (A)

        

# *STATE OF CONNECTICUT*
## *DEPARTMENT OF CORRECTION*
### *District 1 Administrator's Office*
#### *1153 East Street South*
#### *Suffield, Connecticut 06080*

**Nick Rodriguez**
**District Administrator**

February 19, 2021

*Kimar Fraser #379979*
*Northern C.I.*
*287 Bilton Road*
*Somers, CT 06071*

*Mr. Fraser:*

*An extensive review was conducted on your request for a Disciplinary Hearing Appeal for report NCI-2101008, dated December 22, 2020 on the Class (A) offense "Assault on a DOC Employee."*

*The Hearing Officer's finding was reasonable based on information and evidence presented at a formal hearing. Documentation submitted to the presiding Hearing Officer substantiates that on December 22nd, 2020 you delivered multiple closed fist strikes to the head of Officer Casey while he attempted to secure you. This is a direct violation of A.D. 9.5 Intentionally striking or attacking a Department of Correction employee with or without the use of an object or substance or acting in such a reckless manner that one's actions cause an assault of a Department of Correction employee. I have reviewed your claims of procedural errors throughout the hearing process and find that it was conducted appropriately.*

*My conclusion is that no serious due-process failure occurred in the disposition of your disciplinary report. I find no reason to modify the Hearing Officer's decision.*

*Sincerely,*

*Nick Rodriguez*
*District Administrator*

*C:   Warden Bowles*
*       Administrative Remedies Coordinator*
*       Disciplinary Investigator*

Exhibit 3 (B)

# PRAYER FOR RELIEF

1. Monetary damages from each defendant

2. Compensatory damages from each defendant

3. Punitive damages from each defendant

4. Attorney fees

5. Injunction relief

6. Any other relief this court deems necessary

**F.**    **DO YOU WISH TO HAVE A JURY TRIAL?  YES** __✓__ **NO** ____

**G.**    **DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.  I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.  See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at ___900 Highland Ave. Cheshire, CT. 06410___ on ___8-8-2022___
                                     (Location)                                    (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it.  **The complaint cannot be filed without a signature from each plaintiff.**

**H.**    **FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

    1.    Answer all questions on the complaint form.

    2.    Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

*Revised 12/13/18*